## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHARLES COBB, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:06-cv-974** |
| | ) | |
| **MERRILL LYNCH & CO., INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ANSWER OF DEFENDANT MERRILL LYNCH & CO., INC.

Defendant Merrill Lynch & Co., Inc., by its attorneys, Ira L. Oring and Fedder and Garten Professional Association, in Answer to the Complaint filed herein, states as follows:

1.  Answering Paragraph 1, the Defendant Merrill Lynch and Co., Inc. ("Merrill Lynch & Co.") admits that the Complaint purports to be an action for compensatory and punitive damages, an accounting, and injunctive relief.  The allegation of jurisdiction before the Superior Court is legal in nature, and the Defendant is thus not required to admit or deny said allegation.  The Defendant Merrill Lynch & Co. denies any liability to Plaintiff for the causes of action alleged in the Complaint.

2.  The Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.    The Defendant Merrill Lynch & Co. admits those allegations contained in Paragraph 6 of the Complaint.

7.    Answering Paragraphs 7 through 10 of the Complaint comprising Count I, those paragraphs purportedly allege a cause of action against the Defendant James Cobb, Jr., and contain no allegations directed against the Defendant Merrill Lynch & Co.  To the extent that this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

8.    Answering Paragraphs 11 and 12 of the Complaint comprising Count II, those paragraphs purportedly allege a cause of action against the Defendants James Cobb, Jr. and Sabrina Cobb, and contain no allegations directed against the Defendant Merrill Lynch & Co. To the extent that this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

9.    Answering Paragraphs 13 through 15 of the Complaint comprising Count III, those paragraphs purportedly allege a cause of action against the Defendant James Cobb, Jr., and contain no allegations directed against the Defendant Merrill Lynch & Co.  To the extent that this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

10.    Answering Paragraphs 16 through 19 of the Complaint comprising Count IV, those paragraphs purportedly allege a cause of action against the Defendants James Cobb, Jr., and contain no allegations directed against the Defendant Merrill Lynch & Co.  To the extent that

this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

11.    Answering Paragraphs 20 through 23 of the Complaint comprising Count V, those paragraphs purportedly allege a cause of action against the Defendants James Cobb, Jr. and Sabrina Cobb, and contain no allegations directed against the Defendant Merrill Lynch & Co. To the extent that this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

12.    Answering Paragraphs 24 and 25 of the Complaint comprising Count VI, those paragraphs purportedly allege a cause of action against the Defendants James Cobb, Jr. and Sabrina Cobb, and contain no allegations directed against the Defendant Merrill Lynch & Co. To the extent that this Defendant is required to respond to said paragraphs, the Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of said allegations.

13.    Answering Paragraph 26 of the Complaint, the Defendant Merrill Lynch & Co. denies that the Plaintiffs "established" a Cash Management Account with it.  The Defendant Merrill Lynch & Co. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

14.    The Defendant Merrill Lynch & Co. denies each and every allegation in Paragraph 27 of the Complaint.

15.    The Defendant Merrill Lynch & Co. denies each and every allegation in Paragraph 28 of the Complaint.

16.     The Defendant Merrill Lynch & Co. denies each and every allegation in Paragraph 29 of the Complaint.

17.     The last, unnumbered, paragraph of the Complaint seeks injunctive relief, and appears to be directed against the Defendants James Cobb, Jr. and Sabrina Cobb.  To the extent that said paragraph is directed against the Defendant Merrill Lynch & Co., this Defendant denies that the Plaintiff is entitled to injunctive relief against it.

## DEFENSES

1.   The Complaint fails to set forth a cause of action upon which relief can be granted.

2.   The claim or claims set forth in the Complaint are barred by the applicable statute of limitations.

3.   The claim or claims set forth in the Complaint are barred by the doctrines of estoppel, waiver, ratification, and laches.

4.   The claim or claims set forth in the Complaint are barred by the Plaintiffs' sole or contributory negligence.

5.   The claim or claims in the Complaint are precluded because the Plaintiffs failed to comply with the relevant statutory notice periods under the applicable provisions of the Uniform Commercial Code.

6.   The claim or claims in the Complaint are barred because the Plaintiffs failed to exercise reasonable care and promptness in examining any statements at issue.

7.    The claim or claims in the Complaint are barred because the Plaintiffs otherwise failed to comply with the relevant provisions of the applicable Uniform Commercial Code.

8.    The claim or claims in the Complaint are barred because the Plaintiffs authorized the transactions at issue.

9.    The Defendant Merrill Lynch & Co. is not a proper party Defendant in this action.


                                        /s/
                                Ira L. Oring
                                Fedder and Garten Professional Association
                                36 South Charles Street, #2300
                                Baltimore, Maryland 21201
                                (410) 539-2800
                                Attorneys for Defendant
                                Merrill Lynch & Co., Inc.
                                Bar No. 480088

### CERTIFICATE OF SERVICE


I HEREBY CERTIFY that on this 26th day of May, 2006, a copy of the foregoing Notice

of Removal was sent by first class mail, postage prepaid, to:

        Matthew H. Goodman, Esquire
        Natalie O. Ludaway, Esquire
        Leftwich & Ludaway, LLC
        1400 K Street, NW, Suite 1000
        Washington, DC  20005-2304

        James Wesley Cobb, Jr.
        11328 Bishops Gate Lane
        Laurel, Maryland  20723

        Sabrina Cobb
        11328 Bishops Gate Lane
        Laurel, Maryland  20723


                                        /s/
                                Ira L. Oring