


## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

Charles Cobb
1734 U Street, N.W.
Washington DC 20009

Michael Cobb, individually,
7816 Morningside Drive, N.W.
Washington DC 20012-1440

Michael Cobb, as Statutory Power of
Attorney for Earline Cobb
7816 Morningside Drive, N.W.
Washington, D.C. 20012

James Cobb & Associates, PC
803 Florida Avenue, N.W.
Washington, DC 20001

      Plaintiffs,

v.

James Wesley Cobb, Jr.
11328 Bishops Gate Lane
Laurel, MD 20723

and

Sabrina Cobb
11328 Bishops Gate Lane
Laurel, MD 20723

and

Merrill Lynch & Co., Inc.
Serve: C.T. Corporation System
1015 15th Street, N.W., Suite 1000
Washington, D.C. 20005

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No.  0003344-06

RECEIVED
Civil Clerk's Office
MAY 02 2006
Superior Court
of the
District of Columbia

## COMPLAINT

Plaintiffs, Charles Cobb, Michael Cobb, individually and on behalf of Earline Cobb, and James Cobb & Associates, P.C., ("Plaintiffs"), through their attorneys, file the instant Complaint against Defendants James Wesley Cobb, Jr., Sabrina Cobb, and Merrill Lynch Co., Inc. ("Defendants"), and state as follows:

## JURISDICTION

1.  This action seeks injunctive relief, monetary damages, a full accounting of assets and punitive damages stemming from Defendants' fraud, breach of fiduciary duty, misappropriation of funds and negligence. As such, this Court's jurisdiction is based upon D.C. Code § 11-921.

## THE PARTIES

2.  Plaintiffs Michael Cobb, individually and as power of attorney for Earline Cobb, and Charles Cobb ("Plaintiffs") are residents of the District of Columbia.

3.  Plaintiff James Cobb & Associates, PC, is a professional corporation organized under D.C. Code §29-408.

4.  Defendant James Wesley Cobb, Jr. ("James Cobb, Jr.") is a resident of the State of Maryland and the brother of Michael Cobb and Charles Cobb. James Cobb, Jr., is also the son of Earline Cobb.

5.  Defendant Sabrina Cobb ("Sabrina Cobb") is a resident of the State of Maryland and the wife of James Cobb.

6.  Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") is a Delaware corporation licensed to do business within the District of Columbia and which has substantial contacts within the District of Columbia.




## COUNT I – FRAUD

Plaintiffs replead and incorporate the allegations set forth above and as a cause of action state as follows:

7. Plaintiffs jointly own a Merrill Lynch Cash Management account. Plaintiffs are the only individuals with check writing privileges on the account.

8. In late 2005, Plaintiffs learned that James Cobb, Jr., made false representations of material facts to Merrill Lynch by signing his mother's name to checks on the account and, upon information and belief, using the funds for Defendants James Cobb, Jr.'s benefit. Defendant's fraudulent misrepresentations were made knowingly with the willful intent to deceive both Plaintiffs and Merrill Lynch.

9. As a result of the apparent forgeries, Defendants James Cobb, Jr., was able to withdraw approximately $859,000 from the account.

10. Defendant's withdrawals from the Merrill Lynch account were made without Plaintiffs' acquiescence or consent and were intended to intentionally conceal from Plaintiffs their withdrawal of funds.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant James Cobb, Jr., in the sum of $859,000, plus punitive damages, attorney's fees, court costs and interest.

## COUNT II – MISAPPROPRIATION

Plaintiffs replead and incorporate the allegations set forth above and as a further and separate cause of action respectfully state as follows:

3

11.     Through their unauthorized and illicit withdraws from the Merrill Lynch account, as described above, Defendants misappropriated Plaintiffs' assets for their own use.

12.     Upon information and belief, Defendants have wrongfully taken other assets owned by Plaintiffs without their permission and consent.   Upon information and belief Defendants have reportedly taken jewelry and other family heirlooms from Earline Cobb without her permission or consent.  Upon information and belief, Defendants have also used credit cards held by Earline Cobb to purchase goods and other items for their own personal and exclusive use without first obtaining Earline Cobb's permission or consent .

WHEREFORE, Plaintiffs respectfully request judgment against Defendants James Cobb, Jr. and Sabrina Cobb, jointly and severally, in the sum of at least $859,000, plus the fair market value of the jewelry and other items of personal property misappropriated by these Defendants, plus costs and interest.

## COUNT III -- ACCOUNTING

Plaintiff Charles Cobb repleads and incorporates the allegations set forth above and as a separate and further cause of action states as follows:

13.     Charles Cobb is the legal owner and sole shareholder of James Cobb & Associates, P.C.  Further, James Cobb, Jr., is prohibited from any ownership or shareholder stake in the corporation pursuant to D.C. Code §29-408, as he is not licensed to render a professional service for which the corporation is organized.

14.     James Cobb, Jr. refuses to recognize Charles Cobb's sole and exclusive ownership interest in Cobb & Associates, P.C., and despite repeated demands has denied

4

MAY-17-2006 11:32    MERRILL LYNCH                      212 670 4521    P.10/17




Charles Cobb access to corporate books, financial statements and other important financial information maintained by the corporation.

15.   Upon information and belief, James Cobb, Jr., knowingly diverted money from the James Cobb & Associates, PC account to his own personal accounts without the acquiescence or consent of Plaintiff Charles Cobb.

WHEREFORE, Plaintiff Charles Cobb respectfully requests that this Court order James Cobb, Jr., to make a full and complete accounting for James Cobb & Associates, P.C., to Plaintiff Charles Cobb and to permit Charles Cobb an examination of all corporate books and other financial documents.

## COUNT IV – BREACH OF FIDUCIARY DUTY

Plaintiff Michael Cobb, as statutory power of attorney for Earline Cobb, repleads and incorporates the allegations set forth above and as a separate and further cause of action respectfully states as follows:.

16.   James Cobb, Jr., was the appointed power of attorney for Plaintiff Earline Cobb, prior to her revoking his powers on April 28, 2006.

17.   As the predecessor power of attorney, James Cobb, Jr., owed Plaintiff Earline Cobb the fiduciary duty of due care and loyalty with respect to each and every transaction taken by him on Plaintiff's behalf.

18.   Defendant's exercise of power of attorney was a sham engineered to promote his own personal interests. Defendant breached his fiduciary duty of due care and loyalty by pilfering her assets, engaging in transactions that provided significant personal financial gains to the detriment of the Plaintiff, and by misrepresenting himself

5




as Plaintiff's fiduciary to Merrill Lynch and others so as to gain improper and undisclosed access to her financial accounts.

19. As a direct result of Defendant James Cobb, Jr.'s breach of fiduciary duty, Earline Cobb sustained damages in the amount of at least $859,000.00.

WHEREFORE, Plaintiff Michael Cobb, as power of attorney for Earline Cobb, respectfully request that this Court enter judgment against Defendant James Cobb, Jr., in the sum of at least $859,000, plus reasonable attorney's fees, costs and interest.

## COUNT V – CONSPIRACY

Plaintiffs replead and incorporate the allegations set forth above and as a separate and further cause of action respectfully state as follows:

20. James Cobb and Sabrina Cobb conspired, associated, agreed, and mutually undertook concerted actions for the purpose of maliciously injuring Plaintiffs and James Cobb & Associates, PC.

21. Specifically, James Cobb, Jr. and Sabrina Cobb conspired to: (1) endorse checks made payable to Earline Cobb to gain access to Plaintiffs' Merrill Lynch account; (2) use the proceeds from their menacing plan for their personal use and benefit; (3) acquire other property held by Earline Cobb for their own use and benefit.

22. Defendants' conspiratorial actions, as described above, were carried out intentionally, purposefully, maliciously and without legal justification.

23. As a result of Defendants' conduct, as described above, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, jointly and severally, in the sum of at least $859,000, plus the fair market value of the




jewelry and other items of personal property appropriated by the Defendants, plus punitive damages, attorney's fees, costs and interest, and for any and all such other relief this Court deems just and appropriate.

## COUNT VI – CONVERSION

Plaintiffs replead and incorporate the allegations set forth above and as a further and separate cause of action respectfully state as follows:

24. In early 2006, Defendants James Cobb, Jr. and Sabrina Cobb converted to their own use at least $859,000 in funds maintained in the Merrill Lynch Cash account properly belonging to the Plaintiffs.

25. Defendant James Cobb, Jr., also converted to his own use monies held by the professional corporation James Cobb & Associates, P.C., which properly belong to Plaintiff Charles Cobb as owner and sole shareholder of the corporation.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants James Cobb, Jr. and Sabrina Cobb, jointly and severally, in the sum of at least $859,000, plus judgment against Defendant James Cobb, Jr., for all monies misappropriated from James Cobb & Associates, P.C., plus costs and interest, and for any such other relief this Court deems appropriate.

## COUNT VII – NEGLIGENCE AGAINST MERRILL LYNCH

Plaintiffs replead and incorporate the allegations set forth above and as a separate and further cause of action respectfully state as follows:

26. Plaintiffs established a Merrill Lynch Cash Management Account. Over the years, Plaintiffs have entrusted their savings and other investments to Merrill Lynch and have engaged in numerous transactions with the company.

7

27. Defendant owed Plaintiffs the duty of reasonable care in the administration and handling of their accounts including, but not limited to, notifying Plaintiffs of unusual transactions, verifying signatures on account drafts which it knew or should have known to be fraudulent, and to employ sufficient measures so as to prevent unauthorized access to their account.

28. Defendant breached its duty owed to Plaintiff by failing to use reasonable care in the administration and handling of Plaintiffs' accounts; by failing to notify Plaintiffs of unusual account activity; by failing to verify the signature of Earline Cobb before permitting withdraws; and by generally failing to employ sufficient measures so as to protect Plaintiffs from the unauthorized access to their account.

29. As a direct and proximate cause of Defendant's actions, as described above, Jimmy Cobb, Jr., obtained unauthorized access to Plaintiffs' account allowing him to withdraw over $859,000 in funds owned by the Plaintiffs.

WHEREFORE, Plaintiffs' respectfully request judgment against Defendant Merrill Lynch in the sum of at least $859,000, plus costs and interest.

## COUNT VIII – INJUNCTIVE RELIEF

In addition to the relief requested above, Plaintiffs request injunctive relief including, but not limited to, freezing Defendants' assets and bank accounts, prohibiting Defendants from signing the names of Earline Cobb or James Cobb to any check or other document and to prohibit James Cobb, Jr., and from making any transaction with respect to Cobb & Associates, P.C.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

Natalie O. Ludaway (D.C. Bar. No. 405149)
Matthew H. Goodman (D.C. Bar No. 445404)
Leftwich & Ludaway, LLC
1400 K Street, N.W.,
Suite 1000
Washington, D.C. 20005-2304
(202) 434-9100 (telephone)
(202) 783-3420 (facsimile)

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues set forth in the Complaint.

Matthew H. Goodman

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Charles Cobb, et. al.

*Plaintiff*

vs.

Merrill Lynch & Co., Inc
Serve: C.T. Corporation System

*Defendant*

0003344-06

Civil Action No. [          ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Matthew H. Goodman
Name of Plaintiff's Attorney

1400 K Street, N.W., Suite 1000
Address
Washington, D.C. 20005

202-434-9100
Telephone

By _____
Deputy Clerk

Date May 2, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Charles Cobb, et. al.                )
                                     )
            Plaintiffs,              )
                                     ) Civil Action No: 2006 CA 003344 B
v.                                   )
                                     )
James Wesley Cobb, Jr., et. al,      )
                                     )
            Defendants.              )

### Plaintiffs' First Set of Interrogatories and Request for Documents to Defendant Merrill Lynch

COME NOW the Plaintiffs, by and through counsel, and pursuant to the Rules of Court respectfully requests that the Defendant provide full and complete answers to these interrogatories within the 30 days required by the Rules.

You are requested to answer the following Interrogatories:

a)   These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b)   Where the name or identity of a person is requested, please state full name, home address and also business address, if known.

c)   Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

d)   Where knowledge or information or possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys. When answers are made by corporate defendants, state the name, address and title of the person supplying the information and making the affidavit and the source of this information.

e)   The pronoun "you" refers to the party to whom these Interrogatories are addressed and the person mentioned in clause (d).

1.   State the full name, title and business address of each and every person who

prepared or assisted with the preparation of your interrogatory answers.

2. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

3. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.

4. If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

5. Please state the date Merrill Lynch first became aware of James Cobb Jr.'s appointment of power of attorney for Earline Cobb.

6. Please state whether any representative or employee of Merrill Lynch ever examined or received a power of attorney document granting James Cobb, Jr., power of attorney for Earline Cobb.

7. Please state the procedures established by Merrill Lynch in determining the accuracy of signatures of account holders.

8. Please state each and every withdraw, deposit or transfer of funds by or on behalf of Earline Cobb from the Merrill Lynch Cash Account held by Plaintiffs from

2001 to the present. Attach a copy of all statements reflecting any and all such transactions.

9.  Please state whether any Merrill Lynch employee or representative contacted any Plaintiff concerning any withdraws or transfers identified in the preceding interrogatory answer. Please state whether such communications were oral or in writing and identify the date of each such communication. Attach a copy of any such communication to these answers.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

Natalie O. Ludaway (D.C. Bar. No. 405149)
Matthew H. Goodman (D.C. Bar No. 445404)
Leftwich & Ludaway, LLC
1400 K Street, N.W.,
Suite 1000
Washington, D.C. 20005-2304
(202) 434-9100 (telephone)
(202) 783-3420 (facsimile)